IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DARICK DEE PITTMAN,
    Petitioner,

v.                                                  Civil No. 3:20cv303 (DJN)

JUSTIN ANDREWS,
    Respondent.

**MEMORANDUM OPINION**

Petitioner, a federal prisoner confined within the Bureau of Prisons ("BOP"), brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).[1] Petitioner contends that the following grounds entitle him to relief:

| | |
|---|---|
| Claim One | The BOP has improperly executed Petitioner's federal sentence. Petitioner's federal sentence was supposed to run concurrently with his state sentences.[2] (§ 2241 Pet. 6.) |
| Claim Two | When Petitioner was sentenced, the Court entered "a payment plan for $50.00 a month." (*Id.* at 7.) The BOP is improperly taking "the majority" of the money that Petitioner earns each month. (*Id.*) |

---

[1]     The Clerk is hereby DIRECTED to list Justin Andrews as the Respondent. The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling and punctuation in the quotations from the parties' submissions. The Court omits any secondary citations from the Declaration of Angela Kelly (ECF No. 10–1).

[2]     Petitioner states, in pertinent part:

> On the day of my sentencing, I was inform[ed] that my federal time [should] begin to run with my state time, concurrently that I am doing. It was to start the same time as I was sentence[d] not later. The federal system didn't start running my federal time until the year 2000 on October 19, when it should have started at the beginning of my state sentence in 1995. Nothing was said in Court about any sentence to run consecutive to the time I was serving.

(§ 2241 Pet. 6, 10.)

Respondent has moved for summary judgment. Despite the provision of *Roseboro*[3] notice, Petitioner has not responded. For the reasons set forth below, the Motion for Summary Judgment will be GRANTED.

## I. STANDARD OF REVIEW

The Court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, courts "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (holding that a *pro se* litigant must receive notice of the possibility of summary disposition of his case).

any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Moreover, the facts offered by a sworn declaration must also be in the form of admissible evidence. Fed. R. Civ. P. 56(c)(4). In this regard, the statement in the sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted).[4]

In support of their Motion for Summary Judgment, Respondent has submitted: the Declaration of Angela Kelly, an employee of the BOP, who conducts sentence computations ("Kelly Decl.," ECF No. 10–1) and documents pertaining to Petitioner's federal and state convictions and sentences (ECF No. 10–2 through 10–7).[5] In light of the foregoing principles and submissions, the Court takes the following facts as established for purposes of the Motion for Summary Judgment.

## II. SUMMARY OF RELEVANT FACTS

### A. Petitioner's Prior State Convictions

On August 23, 1995, the Nash County Superior Court for the State of North Carolina sentenced Petitioner as follows for the following crimes: Second Degree Burglary, 14 years of confinement; and five counts of Attempted First-Degree Rape, 190–237 months of

---

[4] Although Petitioner's § 2241 Petitioner is sworn to under penalty of perjury, the statements contained therein largely consist of inadmissible hearsay and conclusory assertions. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (internal quotation marks omitted) (citations omitted) ("[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment").

[5] The Court employs the CM/ECF citation for the documents from Petitioner's federal and state convictions.

3

imprisonment. (Kelly Decl. ¶ 3.) Petitioner's state sentences began to run on August 23, 1995. (*Id.* ¶ 4.)

### B. The Imposition of Petitioner's Federal Sentences

"On February 28, 1996, the North Carolina Department of Corrections (NCDOC) released Petitioner to a federal writ." (*Id.* ¶ 5.) On February 18, 1997, Petitioner was sentenced to 360 months of imprisonment in the United States District Court for the Eastern District of North Carolina ("Federal Sentencing Court") for attempted armed bank robbery and use of a firearm during a crime of violence. (ECF No. 10–5, at 3–4.) The Federal Sentencing Court specified that:

> The Court recommends that this sentence should run consecutive to the 14 year term of imprisonment in the N.C. Department of Correction imposed in Nash Co. Superior Court on 8/23/95 (No. 94–CRS–17045) [(the Second Degree Burglary Sentence)]. However, upon completion of the term of imprisonment in No. 94–CRS–17045, the federal term of imprisonment shall begin to run concurrently with the state terms of imprisonment as imposed in 94–CRS–17215, 17217, 17218, and 17219, as imposed in the Nash Co. Superior Ct. on 8/23/95 [(the sentences imposed for four counts of Attempted First Degree Rape)].

(*Id.* at 4–5.)[6] The Federal Sentencing Court also ordered Petitioner to pay $8,900.00 in restitution. (*Id.* at 7.) The Federal Sentencing Court ordered that the restitution amount was due "in full immediately" to either the U.S. Courts Fine Center or through the BOP's Inmate Financial Responsibility Program ("IFRP"). (*Id.*)

### C. Service of the Second Degree Burglary Sentence and Concurrent Service of State and Federal Sentences

On February 18, 1997, Petitioner was returned to NCDOC for service of his North Carolina state sentences. (Kelly Decl. ¶ 7.) On October 9, 2000, Petitioner satisfied the 14-year sentence imposed for his Second-Degree Burglary conviction. (*Id.* ¶ 8.) "In accordance

---

[6] On July 2, 2001, the Federal Sentencing Court entered an Amended Judgment to reflect that the federal sentence should run concurrently with the sentences for all five counts of Attempted First Degree Rape imposed in Nash County Superior Court. (Kelly Decl. ¶ 6.)

4

with the recommendation from the federal sentencing court, the BOP prepared a sentence calculation for Petitioner [with his federal sentence] beginning on **October 9, 2000, after the completion of the 14-year state sentence . . . .**" (*Id.* ¶ 9 (emphasis added).) "Petitioner's concurrent state terms were satisfied on February 1, 2011, at which time he came under the primary jurisdiction of federal authorities for service of the remainder of the his 360-month federal term." (*Id.* ¶ 10.)[7] Petitioner is projected to earn 1620 days of good conduct time and projected to complete his 360-month federal sentence on June 30, 2025. (*Id.* ¶ 12.)

### III. ANALYSIS

#### A. Claim One

In Claim One, Petitioner contends that his federal sentence should have run entirely concurrent with the state sentences that he was serving when he received the federal sentence. Petitioner is wrong. The record reflects that the Federal Sentencing Court ordered his federal sentence to run consecutive to his 14-year sentence for Second Degree Burglary and concurrent with 190–237 month sentences for four counts of Attempted First-Degree Rape. The BOP executed Petitioner's federal sentence in accordance the Judgment of the Federal Sentencing Court. Therefore, the BOP properly calculated Petitioner's federal sentence as beginning on October 9, 2000, when Petitioner began to serve the sentences for the four counts of Attempted First-Degree Rape. Accordingly, Claim One lacks factual merit and will be DISMISSED.

---

[7] "The computation by the BOP included 306 days of prior custody credit pursuant to the decision in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), for [Petitioner's] time in eligible state custody from October 21, 1994 through August 22, 1995)." (Kelly Decl. ¶ 11.)

### B. Claim Two

In Claim Two, Petitioner contends that the BOP is not abiding by the Federal Sentencing Court's restitution order, because instead of taking $50.00 a month, the BOP is taking the majority of his pay. This claim lacks factual and legal merit. As reflected above, the Federal Sentencing Court directed Petitioner to pay $8,900.00 in restitution. The Federal Sentencing Court ordered that said amount was due in full immediately. "The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." *Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (quoting *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002)). "[I]n such circumstances, the payment schedule established through the BOP's administration of the IFRP is merely carrying out the district court's order 'to require payment to the extent that the defendant can make it in good faith, beginning immediately.'" *United States v. Hooker*, 2017 WL 9325621, at *2 (E.D. Va. Feb. 14, 2017) (quoting *Coleman*, 133 F. App'x at 53). Because Petitioner fails to demonstrate any error in the collection of his restitution payments, Claim Two will be DISMISSED.

For the foregoing reasons, Respondent's Motion for Summary Judgment (ECF No. 9) will be GRANTED. Respondent's Motion to Dismiss (ECF No. 8) will be DENIED AS MOOT. Petitioner's claims will be DISMISSED and his § 2241 Petition will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 16, 2021

6